No. 212.—JOHN T. LUDELING v. S. BOOZMAN and J. B. FLUKER, Administrator.

An acknowledgment of a promissory note may be proved by parol testimony so as to interrupt the current of prescription.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. D. C. Morgan,* for plaintiff and appellee. *Todd & Brigham,* for defendants and appellants.

HOWE, J. This is an action on a promissory note, and the defendants, who have appealed, make but one point here—the prescription of five years. The note matured in 1859, and citation was served in this case in 1867.

The plaintiff testified that the defendant Boozman acknowledged the debt in 1862, again in 1864, and again in 1866, and these statements are

fortified by a reference to events which would be likely to fix the dates. approximately in the memory of the witness.

The defendants attempt to criticise the accuracy of these dates; but it is only necessary to remark that even if the events did not occur at the exact times mentioned by plaintiff, but at the times fixed by defendants, yet acknowledgments made at the times fixed by defendants would constitute a chain of interruptions which would have prevented prescription from being acquired.

One of the defendants attempts to contradict the testimony of the plaintiff on the question of acknowledgment, but his attempt does not appear to be very successful. We may add that he set up in the court below the defense of want of consideration of the note, attempted to prove it by his own testimony, and then abandoned it. He also filed a purely frivolous exception, which is also abandoned. It can not be expected that such tactics will inspire the court with much respect for the sincerity and good faith of a litigant; but, on the contrary, they must operate against him in case of a conflict of testimony. On the whole, we do not think the judge *a quo* erred in his estimate of the weight of proof.

Judgment affirmed.

Ludeling, C. J., recused.